quinn emanuel trial lawyers | new york
51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

August 1, 2023

Honorary Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Janaúba I Geração Solar Energia S/A, et al v. Trina Solar Energy Development Ltd*,
      **Civil Action No. 23-mc-00237-LAK-BCM**

Dear Judge Kaplan:

  This firm represents Petitioners Janaúba I Geração Solar Energia S/A, Janaúba II Geração Solar Energia S/A, Janaúba III Geração Solar Energia S/A, Janaúba IV Geração Solar Energia S/A, Janaúba V Geração Solar Energia S/A, Janaúba VI Geração Solar Energia S/A, Janaúba VII Geração Solar Energia S/A, Janaúba VIII Geração Solar Energia S/A, Janaúba IX Geração Solar Energia S/A, Janaúba X Geração Solar Energia S/A, Janaúba XI Geração Solar Energia S/A, Janaúba XII Geração Solar Energia S/A, Janaúba XIII Geração Solar Energia S/A, and Janaúba XIV Geração Solar Energia S/A (collectively "**Elera**" or "**Petitioners**") in the above-captioned matter against Trina Solar Energy Development Ltd. ("**Trina**" or "**Respondent**"). Elera hereby submits this Letter Motion to Seal pursuant to ECF Rules Section 13.1 and your Individual Rules.

  By way of brief background, Elera filed a filed a Petition to Confirm Arbitration Award for the above-captioned action on July 17, 2023 (the "**Petition**") against Trina. The Petition included: (1) the Petition and supporting Memorandum of Law (Dkt. 1); (2) the Declaration of Dominic Pody dated July 14, 2023 (the "**Pody Decl.**"), with Exhibits A, B, C, D, and E (Dkt. 4). The Pody Decl. exhibits consisted of the Parties' agreement to arbitrate (Pody Decl., Ex. A, Modules Supply Agreement ("**MSA**")), the final arbitration award (Pody Decl., Ex. B, "**Award**"), the appointments of John Fellas, Michael Nolan, and Chiann Bao as arbitrators (Pody Decl., Ex. C; *id*. Ex. D), and each written extension of the time within which to make the Award (Pody Decl., Ex. E). Shortly after filing the Petition, Elera and Trina entered settlement negotiations. A settlement agreement was reached on July 21, 2023 and as a result, Elera plans to withdraw the Petition for Confirmation as soon as settlement funds are received.

  Elera respectfully moves for this Court to seal the Pody Decl., Ex. A (Dkt. 4-1) and Pody Decl. Ex. B (Dkt. 4-2) because each of these entries contains confidential information. In the

alternative, this Court should order Petitioners to re-submit the exhibits with redactions to replace those currently on the docket.

The Second Circuit has articulated a three-step process to determine whether documents should be placed under seal. First, the court determines whether a presumption of access attaches to a document constituting a "judicial document," *i.e.* a document which "must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Second, the court determines the weight of the presumption of access, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Finally, the court balances competing considerations such as the privacy interests of the parties resisting disclosure. *Id.*

Here, sealing or redaction is necessary to preserve the privacy interests of the parties. The MSA (Pody Decl., Ex. A) contains sensitive and confidential business information of Respondent Trina. The Award (Pody Decl., Ex. B) is subject to an agreed Terms of Reference which states, in relevant part, that: "The Parties undertake as a general principle to keep confidential all awards in this arbitration, together with all materials in the proceedings created for the purpose of the arbitration and all other documents produced by another Party in the proceedings not otherwise in the public domain, save and to the extent that disclosure may be required of a Party by legal duty, or to enforce or challenge an award in legal proceedings or other legal authority." Additionally, portions of the Award contain discussion and excerpts of confidential business information from the MSA as well as other documents and exhibits.

On the balance, the privacy interests of the parties outweigh the presumption of access. Shortly after filing the Petition, Elera and Trina entered settlement negotiations. Due to the Parties' settlement agreement and Elera's plans to withdraw the Petition, going forward there will be no need for judicial process in the above-captioned action and no value to such documents remaining on the public record.

Respectfully submitted,

**QUINN EMANUEL URQUHART &
& SULLIVAN, LLP**
Mark McNeill
markmcneill@quinnemanuel.com

*Attorneys for Petitioners*

Respondent's opposition, if any, is due no later than **August 4, 2023**. SO ORDERED.

Barbara Moses
United States Magistrate Judge
August 2, 2023