UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANAÚBA I GARAÇÃO SOLAR
ENERGIA S/A, et al.,

              Petitioners,

       -against-

TRINA SOLAR ENERGY DEVELOPMENT
PTE LTD.,

              Respondent.

23-MC-237 (LAK) (BCM)

**ORDER DENYING SEALING**

**BARBARA MOSES, United States Magistrate Judge.**

      Petitioners Janaúba I Geração Solar Energia S/A, Janaúba II Geração Solar Energia S/A, Janaúba III Geração Solar Energia S/A, Janaúba IV Geração Solar Energia S/A, Janaúba V Geração Solar Energia S/A, Janaúba VI Geração Solar Energia S/A, Janaúba VII Geração Solar Energia S/A, Janaúba VIII Geração Solar Energia S/A, Janaúba IX Geração Solar Energia S/A, Janaúba X Geração Solar Energia S/A, Janaúba XI Geração Solar Energia S/A, Janaúba XII Geração Solar Energia S/A, Janaúba XIII Geração Solar Energia S/A, and Janaúba XIV Geração Solar Energia S/A (Petitioners) brought this action on July 17, 2023, to confirm an arbitration award in their favor and against respondent Trina Solar Energy Development Pte Ltd. (Trina). *See* Pet. (Dkt. 1) ¶¶ 1-3. In support of their Petition, Petitioners filed the declaration of their attorney Dominic Pody, which in turn attached the parties' Modules Supply Agreement (MSA), which includes their agreement to arbitrate, and the arbitration award (Award) Petitioners sought to confirm. Pody Decl. (Dkt. 4) Exs. A (MSA) & B (Award).

      Two weeks later, on August 1, 2023, Petitioners moved the Court to seal the MSA and the Award, or, in the alternative, to "order" Petitioners "to re-submit the exhibits with redactions to replace those currently on the docket." Ltr. Mot. (Dkt. 8) at 2. Petitioners report that the parties have reached a settlement agreement, and that they plan to withdraw the Petition "as soon as

settlement funds are received." Ltr. Mot. at 1. Petitioners state that sealing or redaction is necessary to "preserve the privacy interests of the parties," because the MSA "contains sensitive and confidential business information of Respondent Trina," while the Award is subject to an agreement which requires the parties to keep it confidential "save and to the extent that disclosure may be required of a Party by legal duty, or to enforce or challenge an award in legal proceedings or other legal authority." *Id.* at 2. Respondent Trina has taken no position on the sealing motion.

A presumption of public access applies to "judicial documents," which are documents "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). A document is considered "relevant to the performance of the judicial function" as long as "it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). When a party asks to seal a judicial document to which the presumption of access attaches, the court "must determine the weight of that presumption," *Lugosch*, 435 at 119, based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). The court then must "identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

Here, both the MSA and the Award are clearly judicial documents. *See Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 WL 3540221, at *3 (S.D.N.Y. Aug. 11, 2021)

2

("[T]he Final Arbitration Award, the Partial Final Arbitration Award, and the MSA between the parties [containing their agreement to arbitrate] directly affect the adjudication of the Petition [to confirm the arbitration awards], and are therefore judicial documents[.]"); *Clearwater Ins. Co. v. Granite State Ins. Co.*, 2015 WL 500184, at *3 (S.D.N.Y. Feb. 5, 2015) ("the petition, memoranda, and other supporting documents filed in connection with a petition to confirm an arbitration award (including the Final Award itself) are judicial documents that directly affect the Court's adjudication of that petition") (quoting *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012)). Petitioners do not argue otherwise. Rather, they contend that countervailing factors, including the parties' settlement, permit the Court to seal the MSA and the Award. *See* Ltr. Mot. at 2 (arguing that because of the settlement, "going forward there will be no need for judicial process . . . and no value to such documents remaining on the public record"). It is well-settled, however, that a "judicial document" does not lose its status as such, or become eligible for sealing, merely because the Court need no longer decide the motion or claim to which it pertains. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("The fact that a suit is ultimately settled without a judgment on the merits does not impair the 'judicial record' status of pleadings . . . [P]leadings are considered judicial records 'even when the case is pending before judgment or resolved by settlement.'") (quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013)).[1]

---

[1] *See also Susquehanna Int'l Grp.*, 2021 WL 3540221, at *3 (declining to seal arbitration agreement or arbitration award, even though "the parties settled this action before the Petition was briefed or decided," because the settlement "does not change the fact that the Exhibits are judicial documents" to which "a strong presumption of public access applies"); *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, 2013 WL 5322573, at *3 (S.D.N.Y. Sept. 23, 2013) (unsealing "Arbitration Information contained in the petition as well as in Respondent's motion to dismiss," even though the parties settled their dispute, because the sealed material constituted "the heart of what the Court is asked to act upon," and thus "[t]he weight of the presumption of access . . . is correspondingly high," regardless of "[w]hether the Court decided the petition or the motion to dismiss") (quoting

3

Since the MSA and the Award are subject to an undiminished presumption of public access, I must determine whether Petitioners have "met [their] burden of demonstrating 'countervailing factors,' 'competing considerations,' or 'higher values' . . . sufficient to overcome the presumption of access." *Bronx Conservatory of Music, Inc. v. Kwoka*, 2021 WL 2850632, at *2-3 (S.D.N.Y. July 8, 2021) (quoting *Lugosch*, 435 F.3d at 120). Neither "conclusory assertion[s]" of harm nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) ("broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test") (quoting *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017)). Rather, a judicial document may be sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d at 116).

I cannot make those findings here. The parties' "bargained-for confidentiality" respecting the Award "does not overcome the presumption of judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. Apr. 3, 2018); *see also Aioi Nissay Dowa Ins. Co.*, 2012 WL 3583176, at *6 ("[W]hile enforcement of contracts is undeniably an important role for a court, it does not constitute a 'higher value' that would outweigh the presumption of public access to judicial documents."). In this case, moreover, the parties' agreement contains an *exception* to confidentiality where, as here, a party seeks to "enforce . . . an award in legal proceedings." Ltr. Mot. at 2.

---

*Global Reins. Corp.-U.S. Branch v. Argonaut Ins. Co.*, 2008 WL 1805459, at *1 (S.D.N.Y. Apr. 21, 2008)).

Petitioner's vague references to "sensitive and confidential business information" contained in the MSA and the Award similarly fail to overcome the presumption of public access. *See Susquehanna Int'l Grp.*, 2021 WL 3540221, at *3 (denying sealing request where "the parties have not made a sufficient showing of competitive harm" because they "have not identified with specificity what terms present such a risk to Hibernia, nor have they provided more than a conclusory assertion of potential harm resulting from disclosure"); *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 1130699, at *3 (S.D.N.Y. Mar. 6, 2020) (denying sealing request where proponents "provide[d] no support for their conclusory assertion that the disclosure of the dollar figures in the SAAC would cause them 'competitive harm.'"). Petitioners make no effort even to identify the "sensitive and confidential business information" contained in the documents that they seek to seal, much less explain how the public availability of that information will cause them any harm, competitive or otherwise. Nor do Petitioners explain why they did not consider that information sufficiently sensitive to require sealing or redaction two weeks earlier, when they filed the MSA and the Award on the public docket. Trina, as noted above, has not weighed in at all, even though it is Trina's "sensitive and confidential business information" that is supposedly at risk. Ltr. Mot. at 2.

For these reasons, Petitioners' motion to seal or redact (Dkt. 8) is DENIED.

Dated: New York, New York
August 21, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**